IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON CHRISTOPHER KEY,** : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 05-2301 |
| **GERALD ROZUM, et al.,** : | |
| Respondents. : | |
| : | |

## O R D E R

**AND NOW,** on this 19th day of December, 2005, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Chief United States Magistrate Judge M. Faith Angell (Doc. 13) and Petitioner's Objections (Doc. 14), **IT IS HEREBY ORDERED AND DECREED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**,

2. The Petition for Writ of *Habeas Corpus* is **DENIED AND DISMISSED AS TIME BARRED** under 28 U.S.C. § 2244(d)(1),[1]

3. Petitioner's Renewed Motions for Additional Materials and Leave to Amend Habeas Petition (Docs. 10 & 11) are **DENIED**,

---

[1] The Court will dismiss this petition for a writ of *habeas corpus* as time-barred. The statute of limitations for a *habeas* petition is one (1) year. 28 U.S.C. § 2244(d)(1). The statute begins to run on the date on which the judgment became final. *Id*. Petitioner's conviction became final on April 16, 1998, thirty (30) days after the denial of his motion for a new trial. As a result, Petitioner's AEDPA statute began running on April 16, 1998, and expired on April 15, 1999. Petitioner, did not file this petition until May 5, 2005 - six years later. Consequently, petitioner was time-barred.

However, Petitioner argues that the statute should toll because of malfeasance by his attorney. The Court disagrees. Statutory tolling does not apply because Petitioner did not file his PCRA petition until after the AEDPA statute had run. The statute of limitations for a *habeas* petition will toll by statue if "a properly filed application for State post-conviction...is pending" 28 U.S.C. 2244(d)(2). Moreover, equitable tolling will not save the petition because in non-capital cases, attorney error does constitute the "extraordinary circumstances" required for equitable tolling. *See e.g. Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner whose attorney had given him erroneous advice as to when a *habeas* petition needed to be filed, was not entitled to equitable tolling of the AEDPA statute of limitations because the petitioner did not show that he was prevented him from complying with the statute of limitations).

4. A certificate of appealability is **NOT GRANTED**,

5. The Clerk of the Court shall mark this case as **CLOSED.**

**BY THE COURT:**

/S/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**